**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

ANDREW MCGOWAN,

    Plaintiff,

vs

RONALD ERDOS, et al.,

    Defendants.

Case No. 1:22-cv-35

Hopkins, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

This civil action is now before the court on Defendants' motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, and 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 20) and the parties' responsive memoranda.  (Docs. 24, 25).

**I. Background and Facts**

Plaintiff, Andrew McGowan, is an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio. On or about January 18, 2022, he brought suit against the following 18 Defendants:

    Defendant Erdos, warden at SOCF
    Defendant Davis, deputy warden, at SOCF
    Defendant Cadogen, deputy warden of administration at SOCF
    Defendant Joseph, deputy warden of special services at SOCF
    Defendant Mahlman, institutional inspector at SOCF
    Defendant Whitman, captain, and the rules infraction board chairperson at SOCF
    Defendant Robinson, former lieutenant who oversaw the mailroom at SOCF
    Defendant Haywood, lieutenant who is responsible for overseeing the mailroom staff at SOCF
    Defendant Samons, sergeant at SOCF
    Defendant Penson, correctional officer at SOCF
    Defendants two unknown officers who assisted defendant Penson at SOCF
    Defendant one unknown officer

>Defendant Aye, mailroom employee at SOCF
>Defendant Rush, case manager at SOCF
>Defendant Deemer, correctional officer at SOCF
>Defendant Reuter, paralegal at SOCF
>Defendant Larry Green, deputy warden at SOCF [1]

(Doc. 1).

Plaintiff's 59-page complaint, including 134 pages of attachments, purports to bring 25 claims against Defendants.  Plaintiff alleges, *inter alia*, that he was denied meaningful access to the courts and to legal counsel by the actions of Defendant Gary Aye in delivering mail late and refusing him a legal book. He further claims that he was denied freedom of speech, due process, and compulsory process.  Plaintiff also claims that his Eighth Amendment right against cruel and unusual punishment was violated, as well as his rights under the Fourteenth Amendment for due process violations. (Doc 1, at 51-52).

Plaintiff asserts that Defendant Robinson denied Plaintiff meaningful access to the court by refusing him his supreme court filing. Plaintiff alleges her actions violated his Fourteenth Amendment right to access the courts, his Eighth amendment right against cruel and unusual punishment, Fifth and Fourteenth Amendment rights due process of law, First amendment freedom of speech, and caused him legal injury and pain and suffering and emotional distress. (Doc 1, at 52). Plaintiff asserts that Defendant Lisa Reuter denied him adequate legal time and disposed of an official court document, which violated his Fourteenth Amendment right to access the courts, Fourth Amendment right

---

[1] Plaintiff names Defendant Deputy Green, in the caption and in Paragraph 20 of his Complaint; however, the Complaint does not contain any specific allegations relating to Defendant Green.  Accordingly, Plaintiff fails to state any claim for relief against defendant Green.  *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978)) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983.").

against illegal seizure, and his Fifth and Fourteenth Amendment right to due process of law. (Doc 1, at 52).

Plaintiff asserts that Defendant Nicole Joseph denied him adequate legal time, forced him to choose between meals and law library time, and refused to print and notarize his legal documents, which violated his Fourteenth Amendment right to freedom of speech, Eighth Amendment right against cruel and unusual punishment and his Fifth and Fourteenth Amendment right to due process of law. (Doc. at 53). Plaintiff asserts that Defendant Davis failed to act when notified of Defendant Joseph's denial of his rights, which violated Plaintiff's rights under the Fourteenth, Eighth, Fifth, Fourteenth, Section 1, and First Amendments. (Doc 1, at 53).

Plaintiff asserts that Defendant Whitman failed to act when he was notified of Defendants Robinson and Aye's actions, and therefore he also violated Plaintiff's rights under the First, Fifth, Eight, and Fourteenth Amendments. Plaintiff claims that Defendant Whitman violated his Eighth Amendment Right against cruel and unusual punishment by taking Plaintiff's transfer to a lower security prison and attempting to give him 24 months in solitary confinement. (Doc 1, at 53). Plaintiff asserts that Defendant Linnea Mahlman violated his the First, Fifth, Eight, and Fourteenth Amendment rights by acting to conceal the felony statutory violation committed by mailroom staff and purposefully entering false facts into her disposition. (Doc 1, at 54).

Plaintiff asserts that Defendant Samons, Defendant Penson, and two unknown officers violated his due process rights and subjected him to cruel and unusual punishment by illegally seizing Plaintiff's property. Further Defendant Samons retaliated against Plaintiff, which violated Plaintiff's Fourth, Fifth, Eights, and Fourteenth

3

Amendment rights. (Doc 1, at 53-54). Plaintiff asserts Defendant Haywood violated his right to confidentiality when he opened and copied Plaintiff's legal mail, which violated Plaintiff's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments. (Doc 1 at 55). Plaintiff asserts that Defendant Rush violated Plaintiff's due process rights under the Fifth and Fourteenth Amendments, as well as his rights under the Eighth Amendment when Defendant Rush "took Plaintiff['s] transfer to a lower security facility." (Doc 1, at 55). Plaintiff asserts that Defendant Deemer violated statutory law when he falsified an official legal document, which violated Plaintiff's Eighth Amendment. (Doc 1, at 55). Further Defendant Cadogen violated the same by failing to correct the misconduct of Defendant Deemer. Id. at 56. Plaintiff asserts that the unknown corrections officer subjected Plaintiff to cruel and unusual punishment by unlawfully entering his cell, which violated his First Amendment right to freedom of speech, and his eighth amendment right against cruel and unusual punishment. (Doc 1, at 56). Plaintiff asserts that Defendant Erdos was a participant in the institution of the new legal mail policy, which "wantonly violates attorney client privilege, access to the court, and counsel, freedom of speech, and due process of law." The same violated Plaintiff's First, Fifth, Sixth, Eight, and Fourteenth Amendment and amounts to unlawful retaliation against Plaintiff. (Doc 1, 56).

> Plaintiff's prayer for relief includes the following:
>
> • A declaration that the acts and omissions described in his complaint violate his rights;
>
> • An "emergency ride" to Madison Correctional Institution
>
> • Preliminary and Permanent Injunction ordering the institution to provide access to the court and counsel, adequate legal time to meet deadlines, a ban on control number and withholding of legal mail which does not have a plain showing of threat to security, a ban on opening and copying court notices;

    • Reinstate case number 21-AP-0026 in the 10th district court of appeals; and

    • Compensatory and punitive damages.

(Doc. 1 at 57-58).

As summarized by Defendants, it appears that Plaintiff's complaint can be divided into the following broad categories, denial of access to the courts; violations of freedom of speech as it relates to legal mail; denial of due process within the prison system regarding the grievance process; and Eighth amendment cruel and unusual punishment brought about by retaliation.

Defendants now move to dismiss Plaintiffs' complaint for lack of jurisdiction and for failure to state a claim upon which relief may be granted. After careful consideration, the undersigned finds that Defendants' motion is well-taken.

**II. Analysis**

    A.    *Standard of Review*

Motions to dismiss under Rule 12(b)(1) can assert either facial attacks or factual attacks on a court's subject matter jurisdiction. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). Where a facial attack on the subject matter jurisdiction alleged by the complaint is made, the moving party merely questions the sufficiency of the pleading. Id. In reviewing such a facial attack, a trial court takes the allegations in the complaint as true. Id. On the other hand, when a court reviews a complaint under a factual attack, no presumptive truthfulness applies to the factual allegations. Id. The court must "weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist." Id.

5

A motion to dismiss based on subject matter jurisdiction generally must be considered before a motion brought under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Pritchard v. Dent Wizard Int'l Corp.*, 210 F.R.D. 591, 592 (S.D. Ohio 2002) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)) (explaining that a Rule 12(b)(6) challenge becomes moot if the court lacks subject matter jurisdiction).

Furthermore, rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." In reviewing a complaint, the Court must construe it in Plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the claims. The court is required to construe the complaint in the light most favorable to the Plaintiff, and accept all well-pleaded factual allegations in the complaint as true. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974) and *Lewis v. ACB Business Services,* 135 F.3d 389, 405 (6th Cir. 1998). A court, however, will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. *Blackburn v. Fisk University,* 443 F.2d 121, 124 (6th Cir. 1974). A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Lewis v. ACB,* 135 F.3d at 405 (internal citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his

6

'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations omitted); *Association of Cleveland Fire Fighters v. City of Cleveland, Ohio,* 502 F.3d 545, 548 (6th Cir. 2007). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

*B Defendants' motion to dismiss is well-taken[3]*

1. Eleventh Amendment

As detailed above, Plaintiff seeks relief in the form of compensatory damages. (See Doc. 1). Claims for monetary relief against state employees in their official capacities are barred by the Eleventh Amendment to the United States Constitution. *Maben v. Thelen*, 887 F.3d 252, 270 (6th Cir. 2018).

Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. P.*R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139 (1993); *Edelman v. Jordan*, 415 U.S. 651 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Johns v. Supreme Court of Ohio*, 753 F.2d 524 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449 (6th Cir. 1982).

---

[2] A review of the docket demonstrates that an initial screening pursuant to 28 U.S.C. § 1915 has not taken place in this matter. Defendants ask that such a screening be conducted. (See Doc. 20 at 10). However, because Defendants' have filed a motion to dismiss Plaintiff's complaint, the undersigned will addressed Defendants motion to dismiss on the merits.

[3] Defendants note that Plaintiff failed to sign the complaint. Therefore, Defendants request that the document be stricken for failure to comply with Fed. Civ.R. 11(a). However, in light of the Sixth Circuits strong preference for decisions on the merits, Defendants' request to strike the complaint is not well-taken. *See Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193-94 (6th Cir. 1986).

The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663; *Ford Motor Company v. Dept. of Treasury*, 323 U.S. 459, 464 (1945). A suit against a defendant in his official capacity would, in reality, be a way of pleading the action against the entity of which a defendant is an agent. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). Thus, actions against state officials in their official capacities are included in this bar. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Scheuer v. Rhodes*, 416 U.S. 232 (1974). *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)).

Here, all the Defendants are named as officials or employees of ODRC or SOCF, and all are state officials or employees. (Doc. 1, at 13-14). Thus, the claims for monetary damages against them in their official capacities are barred by the Eleventh Amendment.

2. Respondeat Superior

Defendants "cannot be held liable under section 1983 on a respondeat superior or vicarious liability basis." *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (quoting Harvey v. Harvey, 949 F.2d 1127, 1129–30 (11th Cir. 1992) (internal citations omitted). "Rather, individuals sued in their personal capacity under § 1983 are liable only for their own unconstitutional behavior." *Hollis v. Erdos*, 480 F. Supp. 3d 823, 833 (S.D. Ohio May 12, 2020). Thus, "[t]he law is clear that liability of supervisory personnel must be based on more than merely the right to control employees." *Leach v. Shelby Cty.*

8

*Sheriff,* 891 F.2d 1241, 1246 (6th Cir. 1989), *quoting Hays v. Jefferson*, 668 F.2d 869, 872 (6th Cir. 1982), cert. denied, 459 U.S. 833, 103 S.Ct. 75 (1982).

As noted by Defendants, Plaintiff's claims against Defendants Davis, Cadogen, Mahlman, Whitman, and Green are based on supervisor liability. (See Doc. 1 at 18, 26, 29, 34, 45, 47, 53, 560. To the extent that plaintiff seeks to hold these defendants liable based on holding a supervisory position, *respondeat superior* does not apply to § 1983 claims and may not serve as a basis for liability. *See Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Hill v. Marshall*, 962 F.2d 1209, 1213 (6th Cir. 1992). "[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).

Based on the foregoing, Plaintiff claims against these Defendants should be dismissed for failure to state a claim upon which relief can be granted.

3.  Access to Courts

Plaintiff claims that Defendant Aye denied him meaningful access to the court by delivering legal mail 22 days late; rerouting legal mail to another prison, and refusing to deliver a legal book to Plaintiff. (Doc 1, at 51). He claims Defendant Robinson denied him meaningful access to the court by refusing him his supreme court filing. (Id. at 52). Plaintiff also alleges that Defendant Reuter denied Plaintiff "adequate legal time and disposed of an official court document." (Id.) Plaintiff claims Defendant Joseph denied Plaintiff adequate legal time and did not make someone available to print his brief. (Id. at 53).

Plaintiff has also failed to state a claim for denial of access to the courts. See *Gibson v. Rose*, No. 1:12–cv–1509, 2012 WL 2995484, at *6 (July 23, 2012 N.D.Ohio) (finding that "[t]he Sixth Circuit has repeatedly found ... that inmates have failed to state

9

a claim for denial of access to courts based on prison officials' alleged delay in processing outgoing legal mail.") (collecting cases). Defendants argue that Plaintiff has not alleged that he was in fact prevented from filing his notice of appeal nor has he alleged any facts to suggest that his appeal was nonfrivolous. As such, Defendants contend that without such allegations, plaintiff's complaint fails to state a claim for relief for a denial of access to the courts under the First Amendment.

With respect to Plaintiff's claim that he was unable to print his brief, it appears that Plaintiff submitted a kite that he had finished his legal work and needed it printed. (Doc. 1, Ex. 1 at 95). Defendant Joseph instructed him to submit a cash slip, which he completed on April 8, 2021, one day after the due date for his brief. (Doc 1, Ex. 1 at 95-98). Plaintiff makes general assertions and conclusions that his case was dismissed or he was unable to retain a law firm due to these alleged events.[4] Defendants assert Plaintiff has failed to state a claim upon which relief can be granted and asks that this claim be dismissed.

In assessing whether a state has violated an inmate's First and Fourteenth Amendment right of access to the courts, courts ask whether the claimant has demonstrated an actual injury and, if so, whether the claimant has alleged that more than mere negligence by the state actor caused the injury. *Lloyd v. Mohr*, 2014 WL 111172 (S.D.Ohio 2014). Thus, although prison officials may not erect barriers that impede an inmate's ability to attack a sentence or challenge conditions of confinement, an inmate who claims his access to courts was denied fails to state a claim without any showing of prejudice to his litigation. *Kensu v. Haigh*, 87 F.3d at 175. Moreover, a plaintiff's claim that

---

[4] Plaintiff appears to ask the Court to have his case 21-AP-0026 (10th District) reinstated. Under the Rooker-Feldman doctrine, this Court lacks subject matter jurisdiction to grant the requested relief.

10

a right of access to the courts has been impeded requires him to allege intentional conduct interfering with his legal mail. *Id.*, citing *Simkins v. Bruce*, 406 F.3d 1239, 1242 (10th Cir.2005).

Plaintiff's complaint fails to include any such facts or allegations. As such, Plaintiff fails to state a claim for relief with respect to his access to courts claim. Accordingly, Defendants motion to dismiss is well-taken in this regard.

### 4. Access to Legal Mail

Plaintiff alleges several incidents of violations to his First Amendment rights related to the new legal mail policy, including the use of control numbers, the scanning of documents, and decision by ODRC staff to either withhold an item without a control number or treat it as contraband. (Doc. 1). Plaintiff also claims that Defendant Haywood refused legal mail from National Legal Professional Associates on October 19, 2021 and opened and copied "legal mail" at an unknown time or place. (Doc. 1 at 42, 55)

Plaintiff fails to allege any Constitutional violation as a result of SOCF's mailroom policy or point to any evidence why a control number should or should not be required in these specific circumstances. *See, e.g.*, *Whitman v. Gray*, No. 5:19-cv-1818, 2022 WL 621553 (N.D. Ohio Mar. 3, 2022) (denying the petitioner's motion for an order of protection requiring the Ohio Department of Rehabilitation & Correction staff to open his legal mail in front of him and ordering ODRC staff to stop its policy of copying his legal mail). *See also Allah v. Smith*, No. 2:22-cv-21, 2022 WL 16832626, at *3 (S.D. Ohio Nov. 9, 2022) (denying the plaintiff's motion for reconsideration for preliminary injunction because "although SOCF's screening of [the] Plaintiff's legal materials may temporarily interfere with [the] Plaintiff's ability to access certain requested legal materials, there is no evidence

11

indicating that such interference impinges upon his First Amendment rights without serving a legitimate penological interest").

5. *Denial of Due Process*

Plaintiff alleges that the failure to review the DVR by Defendant Mahlman regarding an alleged incident by Defendant Aye was a violation of Plaintiff's constitutional rights. (Doc 1, at 29). In addition, Plaintiff alleges that the refusal by Mahlman to provide him with a grievance form to report an act to central office was an additional violation. (Id. at 39). Further, Plaintiff alleges that Defendant Deemer issued a conduct report which allegedly contained false details. (Id. at 39), and Defendant Cadogen, during the grievance process, disposed of it. (Id.). Finally, Plaintiff seeks to be transferred to a different prison, claiming his transfer did not happen due to retaliation. (Id. at 57).[5] Defendants contend that even if these allegations are true, they fail to state a claim for relief under § 1983. The undersigned agrees.

Notably, the Due Process Clause declares that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." The Due Process Clause "clothes individuals with the right to both substantive and procedural due process." *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 431 (6th Cir. 2002) (*citing United States v. Salerno*, 481 U.S. 739, 746, 107 S. Ct. 2095, 95 L. Ed. 2d 697 (1987)).

However, plaintiff's claims brought in connection with the grievance process cannot give rise to a § 1983 claim because "[p]rison inmates do not have a constitutionally

---

[5] Plaintiff's complaint makes several general claims that he was retaliated against for engaging in the grievance process. (See Doc 1, at 24, 27, 39, 40). However, Plaintiff has failed to allege that he was engaged in protected conduct, or that adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct as required to state a claim for retaliation. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999). As such, Defendants assert Plaintiff has failed to state a claim upon which relief can be granted. The undersigned agrees.

12

protected right to a grievance procedure." *Miller v. Haines*, No. 97–3416, 1998 WL 476247, at *1 (6th Cir. Aug.03, 1998) (citations omitted). *See e.g.*, *Hill v. Warden, Southern Ohio Corr. Facility,* No. 1:12cv63, 2012 WL 1639991, at *2 (S.D. Ohio Mar. 13, 2012) (Litkovitz, M.J.) (Report & Recommendation) (recommending dismissal of portion of complaint complaining about "the failure of prison staff to provide [plaintiff] with inmate grievance forms and other deficiencies in the inmate grievance procedure" because "plaintiff has no federal constitutional right to an effective prison grievance procedure"), *adopted*, 2012 WL 1623565 (S.D. Ohio May 9, 2012) (Weber, J.). Prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior'" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Nor does a prison official's alleged failure to adequately investigate claims of misconduct rise to the level of "encouragement" that would make the official liable for such misconduct. *Knop v. Johnson,* 977 F.2d 996, 1014 (6th Cir. 1992); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984).

Further, a prisoner does not have the right to be transferred to a certain prison. In fact, prison officials have discretion to transfer inmates or to refrain from transferring inmates for whatever reason or for no reason at all. *Meachum v. Fano*, 427 U.S. 215, 228, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976).

For these reasons, Plaintiff fails to state a claim for relief under 1983 for a violation of due process.

### 6. Eighth Amendment

The Eighth Amendment requires that prison officials "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

To establish an Eighth Amendment claim against prison officials based on their failure to protect the plaintiff from attack by other inmates, a plaintiff must present evidence showing that the defendants' conduct amounted to "deliberate indifference" to a known risk of harm. *Farmer*, 511 U.S. at 837. *See also Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997).

Deliberate indifference includes both objective and subjective elements. *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011); *Curry v. Scott*, 249 F.3d 493, 506 (6th Cir. 2001). The objective element requires the harm to be "sufficiently serious." Id. (quoting *Farmer*, 511 U.S. at 834). Therefore, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. The subjective element focuses on whether prison officials "had a sufficiently culpable state of mind." Id. This requires that prison officials know that inmates face a substantial risk of harm and "disregard[ ] that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847. Prison officials must exhibit more than lack of due care for a prisoner's safety before an Eighth Amendment violation will be found. Id. at 835. See also *Reilly v. Vadlamudi*, 680 F.3d 617, 623–24 (6th Cir. 2012) ("Deliberate indifference is characterized by obduracy or wantonness—it cannot be predicated on negligence, inadvertence, or good faith error."). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. It is not enough that the official "should" have perceived a substantial risk but did not. Id. Further, "prison officials who actually knew of substantial risk to inmate health or safety may be found free from [Eighth Amendment] liability if they responded reasonably to the risk, even if harm ultimately was not averted." Id. at 844.

14

Based on his grievance history, Plaintiff alleges that he is in "constant fear of staff retaliation" and "fears he will be beaten or even killed to silence him" (Doc. 1 at 49, 50). Plaintiff further alleges that "Defendant Whitman, also directly violated his 8th amendment right against cruel and unusual punishment, when he took McGowan's transfer to a lower security prison and attempted to give him 24 months in solitary confinement." (Doc. 1 at 53).

Plaintiff, however, has not alleged to have suffered any injury that might form the basis for an Eighth Amendment claim. Notably, Plaintiff does not allege that he has sustained any injury or suffered any assault as a result of Defendants actions. *See Wells v. Jefferson County Sheriff Dep't*, 159 F. Supp. 2d 1002, 1011 (6th Cir. 2001) ("Absent any assault on him, [plaintiff's] Eighth Amendment failure-to-protect claim has no substance.") (citing *Wilson v. Yaklich*, 148 F.3d 596, 600–02 (6th Cir. 1998) ("However legitimate [the plaintiff's] fear may have been, we nevertheless believe that it is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment.")).

Moreover, "[h]arassing or degrading language by a prison official, while unprofessional and despicable, does not amount to a constitutional violation." *Mallory v. Smith*, No. 3:17-cv-P253, 2017 WL 3484690, at *3 (W.D. Ky. Aug. 14, 2017) (collecting cases); *Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (per curiam) (citing *Ivey v. Wilson,* 832 F.2d 950, 955 (6th Cir. 1987)) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief."). Likewise, "verbal harassment or threats by prison officials toward an inmate do not constitute punishment within the meaning of the

Eighth Amendment." *Snelling v. Smith*, No. 1:16-cv-656, 2016 WL 6518264, at *6 (W.D. Mich. Nov. 3, 2016) (citing Ivey, 832 F.2d at 955).

Accordingly, Plaintiff's complaint fails to state a claim for relief for a violation of his Eight Amendment rights.

### III. CONCLUSION

In light of the foregoing, **IT IS RECOMMENDED THAT** Defendants' motion to dismiss Plaintiff's complaint (Doc. 20) be **GRANTED, in toto**; and this matter be **CLOSED**.

> *s/Stephanie K. Bowman*
> Stephanie K. Bowman
> United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| ANDREW MCGOWAN, | Case No. 1:22-cv-35 |
| Plaintiff, | |
| vs | Hopkins, J. |
| | Bowman, M.J. |
| RONALD ERDOS, et al., | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

17